Submitted December 19, 2013, conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed January 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIC DALE RUSHTON,
*Defendant-Appellant.*

Coos County Circuit Court
11CR1036; A150635

320 P3d 672

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine (Count 2) and unauthorized use of a vehicle (UUV) (Count 3).[1] The latter conviction was based on defendant's theft of a Chevrolet Avalanche from Coos Bay Toyota. On appeal, defendant contends that the trial court erred in denying his motion *in limine* that sought to exclude evidence of his theft of a vehicle from the same automobile dealership four months earlier. The state concedes, and we agree, that the evidence of the two vehicle thefts was not sufficiently distinctive to make the evidence admissible to prove identity, and the trial court thus erred in denying defendant's motion. *See State v. Johnson*, 313 Or 189, 196, 832 P2d 443 (1992) (prior bad acts evidence offered to prove the identity of the perpetrator by *modus operandi* requires "a very high degree of similarity between the charged and uncharged crimes," and a distinct methodology "so as to earmark the acts as the handiwork of the accused" (quoting *State v. Pinnell*, 311 Or 98, 110, 806 P2d 110 (1991))). Although defendant requests that both of his convictions be reversed, he fails to explain why the error was not harmless as to his conviction for unlawful possession of methamphetamine. Accordingly, we reverse and remand defendant's conviction for UUV and otherwise affirm.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] A third count, for aggravated first-degree theft, was dismissed on the state's motion.